*W. F. Gregory, for appellant.*

---

## JAMES TURLEY *v.* PETER COUCHMAN'S ADM'R, ET AL.
### SAME *v.* RICHARD REID, ET AL.

**Pleading—Set-Off.**

Where a judgment is pleaded as a set-off, the court will look to the pleadings to see what was in issue; and whatever might have been adjudged to the parties on the pleadings, if sustained by proof, is conclusively settled by the judgment whether any evidence was offered or not.

**Former Adjudication.**

In case the trial court considers a set-off well pleaded or considers it not well pleaded and did not decide against the party pleading it, on the ground that his pleading was bad, the plea of former adjudication is properly sustained.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 16, 1877.

OPINION BY JUDGE COFER:

In his amended answer filed in the suit of Couchman's administrator against him, September 29, 1868, the appellant attempted to

set up as a set-off the judgment in his favor against Couchman and Holly for $232, and interest and costs.

The following is so much of that pleading as referred to the judgment: "That the plaintiff is indebted to him in the amount of the account herewith filed marked 'A', and the vouchers for the items thereof will be filed herewith, and the plaintiff has never paid any part of the same, nor has defendant received it, except by way of receiving the purchase money for the land."

The account "A" was filed with the amended answer and contains many items, among which is the following:

"To amount of judgment against Peter Couchman and
    John Holly ................................... $232.00
  Interest from December 16, 1846, to August 15, 1868.... 301.60
  Costs ........................................ 1,089.67"

In his reply to the amended answer, which all parties treated as a set-off, Couchman's administrator denied specifically many, if not all, of the items in account "A," and in reference to the foregoing items said: "The plaintiffs have no knowledge on which to found a belief that the defendant ever had or recovered a judgment against their testator and John Holly for $232, or any amount whatever, with interest from December 16, 1846, to August 15, 1868, or with interest from any time to any time whatever, for judgment for $1,089.67 costs, or for any sum whatever for costs.

They have no knowledge nor information on which to base a belief that their testator was, or that they, or either of them is, or that the estate of their said testator is indebted to defendant in the amount of judgment against Peter Couchman, their testator, or any other sum, or in the sum of $1,089.67, or in any sum whatever for costs, and they therefore deny the same, and if there be any such record, the same is false and forged."

There does not appear to have been any objection taken by demurrer or otherwise to the answer or reply. The theory of the appellant was that there was no trust, but if there were, then that he had a right to retain, out of the purchase money received by him for the land, whatever Couchman owed him, and the court seems to have adopted that view and gave him credit for $1,189.34, made up in part, at least, of items set out in the amended answer and embraced in account "A," and adjudged to the administrator $2,257.66, "this being the balance due plaintiff after satisfying all mortgage lien debts, or other claims of defendant, Turley."

The pleadings quoted supra show that the judgment against Couchman and Holly was attempted to be set up, and that its existence was put in issue by the reply, and the judgment shows that the court took into the account in making up its final decision items on the account "A," and therefore that the judgment now sought to be set off against the judgment in favor of the administrator was not rejected because it was not well pleaded. It also appears from the judgment that the land was sold in 1854, and that at that time "Turley's claims (admitted or proved), principal and interest, amounted to $1,189.34, against Couchman," which could only be true upon the assumption that the court had decided the judgment for $232, interest and costs, was not shown to be valid and subsisting demand.

But aside from the fact that the court seems to have treated the items of account "A." as sufficiently pleaded, we think that as there was an attempt to plead them, and no objection was made to the sufficiency of the pleading, and a reply was filed specifically denying that there was any such judgment, any defect in the appellant's pleading was cured by the reply, and if such was not the case we do not see how the appellant can avoid the effect of that judgment when pleaded as a bar in this case without showing that the question was decided against him on account of defects in his pleading, and not on the merits.

It does not matter that no evidence was offered in the case to sustain that item of the account. The court will look to the pleadings in order to see what was in issue, and whatever might have been adjudged to the parties on the pleadings, if sustained by proof, is conclusively settled by the judgment whether any evidence was offered or not.

Appellant appealed from the former judgment to this court and it was affirmed. The court then expressed a doubt whether any of the items were sufficiently pleaded, but said with reference to the items allowed: "We will in this matter, however, follow the circuit judge, and therefore approve the allowance to Turley of claims to the amount of $1,189.34." Couchman's administrator prosecuted a cross-appeal, and if, as appellant's counsel now claims, his set-off was insufficiently pleaded, the court would have reversed the judgment on a cross-appeal.

It is true the court said in response to the appellant's petition for a rehearing that the set-off was not well pleaded, but as it is evident that that court as well as this considered the matters embraced in exhibit "A" as if well pleaded, and did not decide against the appel-

23

lant on the ground that his pleading was bad, we are of the opinion that the plea of former adjudication was properly sustained.

The evidence in regard to the value of the rent of the Clay Lick Farm was conflicting, and while the average of the estimates of the witnesses may exceed the amount allowed by the court, we cannot say that the circuit judge, who may be presumed to have had better means of judging properly as to the value of the opinions of the several witnesses than this court has, erred in fixing the amount.

The correctness of that part of the judgment canceling the contract with George Andrew Couchman is not seriously questioned by counsel, and we see no reason for disturbing it. Nor are we able to see that there was any error in fixing the amount of the payments made to him. The appellant was allowed credit on the replevin bond for the amount due him from Mrs. Couchman, and from George Andrew, and as he got those credits without regard to the fee of the attorneys he, has no interest in the amount of the allowance to them, and we need not consider whether the allowance was excessive or not.

The several credits allowed the appellant were deducted from the amount due on the bond, and judgment was rendered for damages only on the balance remaining due, and not on the whole amount, as counsel seems to have supposed.

These conclusions render it unnecessary to consider other questions made in the argument.

Judgment *affirmed* on both appeals.

*Peters & Brock, T. Turner, J. M. Nesbitt, for appellant.*
*Breckinridge & Buckner, W. H. Holt, for appellees.*